**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LATEEF COOK, Individually and as parent and natural guardian of TAHJ COOK, a minor, <br><br> Plaintiffs, <br><br> v. <br><br><br> OSTAP BENDER, LLC, AIRBNB, INC., and PENN ESTATES PROPERTY OWNERS ASSOCIATION, <br><br> Defendants. | <br><br><br> Civil Action No. _____ |

**NOTICE OF REMOVAL**

Defendant Airbnb, Inc., by their counsel, hereby files the following Notice of Removal of this action currently pending in the Court of Common Pleas of Philadelphia County, Case Number 240601548, to the United States District Court for the Eastern District of Pennsylvania pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, thereby effectuating this removal. The following is a short and plain statement of the grounds for removal to this Court.

**I.      RELEVANT PROCEDURAL HISTORY**

1.      On or about April 11, 2023, Plaintiff Lateef Cook and Minor Plaintiff Tahj Cook ("Plaintiffs") filed a Complaint in the Court of Common Pleas of Philadelphia County captioned *Lateef Cook, Individually and as parent and natural guardian of Tahj Cook, a minor v. Ostap Bender, LLC, Airbnb, Inc., and Penn Estates Property Owners Association*, No. 240601548 ("the

State Court Action").  In accordance with 28 U.S.C. § 1446(a), copies of all process and pleadings in the State Court Action are attached as Exhibit A.

*2.*      In their Complaint, Plaintiffs name Airbnb, Inc. as Defendant, asserting claims for negligence arising from an April 11, 2023 fall where Minor Plaintiff alleges he suffered personal injuries when he slipped and fell into an indoor swimming pool at a rental property located at 114 Summerton Circle, East Stroudsburg, PA 18301.

3.      Defendant has not answered plaintiffs' complaint.

4.      No previous request has been made for the relief requested herein.

## II.      BASIS FOR REMOVAL

5.      This Court has original jurisdiction over this action because: (1) the matter in controversy, excluding interest and costs, excess the sum or value of $75,000; and (2) there is complete diversity of citizenship between Plaintiff and all Defendants who are real parties in interest.  28 U.S.C. § 1332(a).

### A.      Value of Matter in Controversy

6.      Minor Plaintiff alleges that, as a result of the April 11, 2023 fall, he sustained serious, severe, disabling and permanent injuries, including non-fatal drowning, loss of consciousness, left eyelid abrasion, abrasion on right side of chin, subconjunctival hemorrhage in his left eye and few petechiae on his face/neck, nonspecific prominence of perihilar bronchovascular and central interstitial marking bilaterally with subtle bronchial cuffing.[1]  (Pl.'s Compl. at ¶ 15, Exhibit A).

---

[1] Defendants deny all liability, deny that Plaintiff is entitled to the relief sought in the Complaint, and reserve the right to challenge the cause, extent, nature, duration, severity, and permanency of all of Plaintiff's alleged injuries. Defendants merely re-state Plaintiff's factual allegations and alleged injuries so that the Court can confirm removability, which is determined by "the allegations on the face" of Plaintiff's Complaint.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).

7.      Plaintiff alleges that the above physical injuries are "serious, severe, disabling and permanent injuries".  (*Id.* at ¶¶ 15).

8.      Minor Plaintiff also alleges he (1) has received and undergone medical attention and care and has expended various sums of money and will continue to do so; (2) has suffered physical aches and pain, mental and emotional anguish; (3) has been unable to engage in his usual activities and (4) has incurred loss of wages and other financial expenses (*Id.* at ¶¶ 16-17).

9.      In the "Wherefore" clauses following Plaintiffs' causes of action, Plaintiffs demand judgment for an amount of compensatory damages in excess of any jurisdictional amount requiring compulsory Arbitration.  Under the Philadelphia Court of Common Pleas' local rules, all cases having an amount in controversy of $50,000 or less "shall be assigned to the Compulsory Arbitration Program." Phila. Ct. Local Rule 1301.

10.     Considering Minor Plaintiff's injury allegations, the alleged extent, severity, and permanency of those injuries, and the value Plaintiff assigns to them in excess of the State Court's arbitration limits (i.e., above $50,000), it is apparent from the face of the Complaint that the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.[2]

11.     Accordingly, the amount in controversy is satisfied.  28 U.S.C. § 1332(a).

**B.      Diversity of Citizenship**

---

[2] *See, e.g.*, *Berry v. Wal-Mart Stores, East, L.P.*, No. 21-3496, 2022 WL 309177, at *5 (E.D. Pa. Feb. 2, 2022) ("Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant on notice that the amount in controversy exceeds $75,000.") (citing *Russo v. Wal-Mart Stores E., L.P.*, No. 17-454, 2017 WL 1832341, at *1 (M.D. Pa. May 8, 2017));  *Bracken v. Dolgencorp, LLC*, No. 18-4703, 2018 WL 6249715, at *4 (E.D. Pa. Nov. 29, 2018) (amount in controversy exceeded $75,000 where plaintiff alleged: (1) severe and permanent injuries; (2) "great financial detriment and loss"; (3)  inability to perform the usual activities of his daily life for an "indefinite" period in the future; and (4) a $50,000 floor by explicitly alleging a sum in excess of $50,000 plus other costs); *Wolk v. Rogers*, No. 04-1044, 2004 WL 1053005, at *1-2 (E.D. Pa. May 7, 2004) (amount in controversy exceeded $75,000 where plaintiff alleged: (1) damages in excess of $50,000; (2) multiple, permanent, and severe injuries, including nerve damage and psychological injury; (3) pain, suffering, disability, impairment, humiliation, embarrassment, and loss of life's pleasures; and (4) hospital, medical, dental and other expenses due to the incident).

12. As set forth in their Complaint, Plaintiffs reside at 39 Horton Hill Road, Naugatuck, CT 06770 (Pl.'s Compl. at ¶ 1, Exhibit A). Plaintiffs thus judicially admit that they were at all relevant times (meaning, now and at the time when he commenced the State Court Action) a citizen of Connecticut.

13. Plaintiffs' Complaint names Defendant Airbnb, Inc.

14. Diversity jurisdiction is determined only on the citizenship of "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); 28 U.S.C. § 1441(b)(2). Thus, a federal court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"—those with a "real interest" in the litigation. *Navarro*, 446 U.S. at 461; *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991); *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 495-96 (E.D. Pa. 2012).

15. When Plaintiffs commenced the State Court Action, Defendant, Airbnb, Inc. was a business entity organized under the laws of Pennsylvania with its principal place of business at 888 Brannan Street, San Francisco, CA 94103.

16. Defendant's state of incorporation is Pennsylvania, and its principal place of business is in California making Defendant a citizen of Pennsylvania and California.

17. Plaintiff has not served the only non diverse defendant, Penn Estates Property Owners Association.

18. There is diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).

19. In sum, Plaintiffs, Connecticut citizens, are completely diverse from the named Defendant whose presence is properly considered as part of the diversity jurisdiction analysis.

20.     Accordingly, the diversity of citizenship requirement is met as diversity existed among Plaintiffs and all served Defendants at the time the State Court Action was commenced and now, at the time this Notice of Removal is filed.  *See* 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(b).

### III.    CONSENT

21.     Defendant Airbnb, Inc., named in the State Court Action is represented by the undersigned counsel and all such Defendants join in this Notice of Removal and consent to this removal of the State Court Action.

### IV.    TIMELINESS OF REMOVAL

22.     The State Court Action was not commenced more than one year before the date of the filing of this Notice of Removal.  It was filed on June 13, 2024.  *See* 28 U.S.C. § 1446(c)(1).

23.     The complaint was served on Defendant Airbnb, Inc. on June 24, 2024 (*See* Affidavit/Return of Service, attached as Exhibit B).

24.     Given the date and mode of service, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

### V.    VENUE

25.     Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the Court of Common Pleas of Philadelphia County, Pennsylvania, the place where the removed action was pending.

### VI.    CONCLUSION

26.     For all of the reasons above, this Court has diversity jurisdiction over this matter and this matter is properly venued in this Court.  Removal is proper and was timely achieved.

### VII.    NOTICE

27.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant Airbnb Inc. will give written notice of this filing to Plaintiffs, by their counsel, and will file a copy of the Notice of Removal and the exhibits that are attached hereto with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**WHEREFORE**, Defendant Airbnb, Inc., requests that the above-captioned action now pending in the Court of Common Pleas of Philadelphia County be removed to this Court, the U.S. District Court for the Eastern District of Pennsylvania.

**ANSA ASSUNCAO LLP**

Dated: July 2, 2024                         By:     */s/ John R. Evans*
                                                  John R. Evans Esquire
                                                  *Attorneys for Defendant Airbnb, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served on July 2, 2024 upon the below counsel of record:

Samuel I. Reich, Esquire
Griffin Remick, Esquire
Laffey, Bucci, D'Andrea, Reich & Ryan, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
*Attorneys for Plaintiff*
***Via Court's e-filing system***

OSTAP BENDER, LLC
52 Shawnee Road
Trumbull, CT 06611-4666
*Defendant*
***Via first class mail***

PENN ESTATES PROPERTY OWNERS ASSOCIATION
812 Monroe Street
Stroudsburg, PA 18360
*Defendant*
***Via first class mail***

**ANSA ASSUNCAO LLP**

By:     */s/ John R. Evans*
John R. Evans, Esquire

7